UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/20
```

ENVIRONMENTAL JUSTICE
HEALTH ALLIANCE FOR
CHEMICAL POLICY REFORM;
CLEAN WATER ACTION; and
NATURAL RESOURCES DEFENSE
COUNCIL, INC.,

    Plaintiffs,

v.

UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY; and ANDREW WHEELER,
in her official capacity as Administrator
of the United States Environmental
Protection Agency,

    Defendants.

19 Civ. 2516 (VM)

**CONSENT DECREE**

WHEREAS, on March 21, 2019, Plaintiffs Environmental Justice Health Alliance for Chemical Policy Reform, Clean Water Action, and Natural Resources Defense Council, Inc. (collectively "Plaintiffs") filed the above-captioned matter against the United States Environmental Protection Agency ("EPA") and Andrew R. Wheeler, in his official capacity as Administrator of the EPA (collectively "Defendants");

WHEREAS, Plaintiffs allege that EPA had a duty under Clean Water Act ("CWA") section 311 (j)(5)(A)(i), 33 U.S.C. § 1321(j)(5)(A)(i), to issue regulations that require an owner or operator of a non-transportation-related onshore "facility described in subparagraph (C) to prepare and submit to the President a plan for responding, to the maximum extent practicable, to a worst case discharge, and to a substantial threat of such a discharge, of . . . a hazardous substance" (the "Hazardous Substance Worst Case Discharge Planning Regulations") by August 18, 1992 (ECF No. 1, Compl. ¶¶ 23, 25, 29, 30);

WHEREAS, Plaintiffs allege that EPA failed to comply with this alleged mandatory duty (Compl. ¶¶ 34, 45);

WHEREAS, the relief requested in the Complaint includes an order from this Court to compel EPA to promulgate the Hazardous Substance Worst Case Discharge Planning Regulations (Compl. at 12);

WHEREAS, Plaintiffs and Defendants have agreed to a settlement of this action without admission of any issue of fact or law;

WHEREAS, Plaintiffs and Defendants consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, Plaintiffs and Defendants agree that this Court has subject matter jurisdiction sufficient to enter this Consent Decree containing the relief described herein;

WHEREAS, Plaintiffs and Defendants agree that resolution of this matter without further litigation is in the best interest of the parties, the public, and judicial economy;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CWA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has jurisdiction to enter this Consent Decree and, pursuant to the Consent Decree, order the relief stated herein.

2. This Consent Decree applies to, is binding upon, and inures to the benefit of the parties (and their successors, assigns, and designees).

3. No later than 24 months after the Court's entry of this Consent Decree, EPA shall sign (and within 15 days thereafter transmit to the Office of the Federal Register) a notice of proposed rulemaking pertaining to the issuance of the Hazardous Substance Worst Case Discharge Planning Regulations. In addition, EPA shall provide a copy of the notice of proposed rulemaking to Plaintiffs within 7 days of publication by the Office of the Federal Register.

4. No later than 30 months after publication of the proposed Hazardous Substance Worst Case Discharge Planning Regulations described in Paragraph 3, EPA shall sign (and within 15 days thereafter transmit to the Office of the Federal Register) a notice taking final action following notice and comment rulemaking pertaining to the issuance of Hazardous Substance Planning Regulations. In addition, EPA shall provide a copy of such notice to Plaintiffs within 7 days of publication by the Office of the Federal Register.

5. After publication of notice of the final action required by Paragraph 4 in the Federal Register, this Consent Decree shall terminate and the action shall be dismissed with prejudice. Defendants may move the Court for an order reflecting that such termination has occurred. Plaintiffs shall have 14 days in which to respond to such motion.

6. Nothing in this Consent Decree shall be construed as precluding EPA from issuing proposed or final Hazardous Substance Worst Case Discharge Planning Regulations by a date earlier than the deadlines established by this Consent Decree.

7. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and Defendants, or (b) by the Court on a motion of Defendants for good cause shown pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the Plaintiffs. A modification of deadlines pursuant to subsection (a) of this paragraph shall be noted by the parties on the docket of this case. A determination by EPA to

issue a supplemental notice of proposed rulemaking may constitute good cause under this paragraph. Plaintiffs reserve the right to challenge such a determination by EPA and to oppose any request for an extension.

8. Any provision of this Consent Decree other than a deadline may be modified by the Court following motion of either Plaintiffs or Defendants for any good cause shown and upon consideration of any response by the non-moving party.

9. In the event of a dispute between Plaintiffs and Defendants concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer in order to attempt to resolve the dispute. If the parties are unable to resolve the dispute within 14 days after receipt of the notice, either party may petition the Court to resolve the dispute.

10. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless Plaintiffs have followed the procedure set forth in Paragraph 9 and provided Defendants with written notice received at least 14 days before filing of such motion or proceeding.

11. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorneys' fees.

12. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any final rule or determination issued by EPA pursuant to this Consent Decree; (b) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CWA section 509(b)(l), 33

U.S.C. § 1369(b)(l); or (c) to waive any claims, remedies, or defenses that the parties may have under CWA section 509(b)(l), 33 U.S.C. § 1369(b)(l).

13.     Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CWA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14.     Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law. By entering into this Consent Decree, Defendants and Plaintiffs do not waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

15.     The deadline for filing a motion for costs of litigation (including attorneys' fees) for activities performed prior to entry of the Consent Decree is hereby extended until 90 days after this Consent Decree is entered by the Court.  Nothing in this paragraph shall be construed as an admission or concession by Defendants that Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

16.     Plaintiffs reserve the right to seek additional costs of litigation, including attorneys' fees, incurred subsequent to the entry of this Consent Decree and arising from Plaintiffs' need to enforce or defend against efforts to modify its terms or the underlying schedule outlined herein, or for any other unforeseen continuation of this action. Defendants reserve the right to oppose any such request. For purposes of this paragraph, costs of litigation do

not include costs or attorneys' fees associated with Plaintiffs' participation in any administrative proceedings contemplated by this Consent Decree.

17.     It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and Defendants. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

18.     Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or certified mail, and sent to each of the following counsel (or to any new address of the parties' counsel as filed and listed in the docket of the above-captioned matter, at a future date):

    a. For Plaintiffs:

    Kaitlin Morrison
    Natural Resources Defense Council
    40 West 20th Street
    New York, NY 10011
    E-mail: kmorrison@nrdc.org

    Jared E. Knicley
    Natural Resources Defense Council
    1152 15th Street NW, Suite 300
    Washington, DC 20005
    Email: jknicley@nrdc.org

    b. For Defendants:

    Charles S. Jacob
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Email: charles.jacob@usdoj.gov

Richard Albores
EPA Office of General Counsel
Mail Code 2366A
1200 Pennsylvania Ave NW
Washington, DC 20460
Email: albores.richard@epa.gov

19.     Defendants and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

20.     Defendants and Plaintiffs recognize that the possibility exists that a lapse in appropriations by Congress could result in an EPA shutdown that in turn could cause a delay of EPA's compliance with the obligations contained in this Consent Decree. In the event of an EPA shutdown that exceeds 7 days, EPA may invoke this paragraph and automatically extend the next applicable deadline in this Consent Decree by one day for each day of the EPA shutdown. Notwithstanding the prior sentence, in the event of an EPA shutdown within 180 days of a deadline set forth in this Consent Decree, EPA may invoke this paragraph and automatically extend such deadline one day for each day of the EPA shutdown, regardless of the length of any such EPA shutdown. To invoke its rights to an automatic extension as set forth in this paragraph, EPA must provide Plaintiffs and the Court with notice no later than 10 days after funding is restored to the EPA. Any dispute regarding such invocation shall be resolved in accordance with the dispute resolution provision in Paragraph 9 of this Consent Decree. Nothing in this paragraph shall preclude EPA from seeking any other extension, either by stipulation or court order, pursuant to the procedures of Paragraph 7 above, including on the ground that an EPA shutdown

constitutes good cause for an extension, nor limit Plaintiffs' right to oppose any such request for an additional extension.

21.     This Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

22.     The undersigned representatives of Plaintiffs and Defendants certify that they are fully authorized by the parties they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

COUNSEL FOR PLAINTIFFS:

Dated: New York, New York
March 11, 2020

By: _Kaitlin Morrison_

KAITLIN A. MORRISON
Natural Resources Defense Council
40 W. 20th Street
New York, NY 10011
Telephone: (212) 727-4532
Email: kmorrison@nrdc.org

JARED E. KNICLEY
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Telephone: (202) 513-6242
Email: jknicley@nrdc.org

COUNSEL FOR DEFENDANTS:

Dated: New York, New York
March 11, 2020

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _Charles S. Jacob_

CHARLES S. JACOB
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2725
Facsimile: (212) 637-2702
Email: charles.jacob@usdoj.gov

SO ORDERED on this 12th day of March, 2020.

_Victor Marrero_

VICTOR MARRERO
United States District Judge

9